1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  FRANK ENEPI SISNEROZ,                    1:07-cv-01221-LJO-SMS-PC

12                      Plaintiff,           ORDER TREATING 12(b)(6) MOTION AS
                                             MOTION FOR SUMMARY JUDGMENT
13          v.
                                             ORDER FOR THE PARTIES TO SUBMIT
14  STEVEN MAYBERG, et al.,                  FURTHER BRIEFING AND EVIDENCE

15                      Defendants.
                                    /
16

17  **I.      BACKGROUND**

18          Plaintiff Frank Enepi Sisneroz ("plaintiff") is a civil detainee proceeding pro se and in

19  forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the

20  complaint on August 21, 2007.  (Doc. 4.)  On August 29, 2007, the court screened plaintiff's

21  complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found that it states a cognizable claim for

22  relief under section 1983 against defendants Mayberg and McLain ("defendants") for violation of

23  the Due Process Clause of the Fourteenth Amendment.  (Doc. 7.)  On October 17, 2007, the court

24  ordered the U.S. Marshal to serve process upon defendants.  (Doc. 10.)  On March 17, 2008,

25  defendants filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6).  (Doc. 13.)

26  On June 2, 2008, plaintiff filed an opposition to the motion to dismiss.  (Doc. 20.)  On June 12,

27  2008, defendants filed a reply to plaintiff's opposition.  (Doc. 21.)

28  ///

## II.      SUMMARY OF THE COMPLAINT

Plaintiff, a civil detainee defined pursuant to California Welfare and Institutions Code § 6600 et seq., is currently detained at the Coalinga State Hospital ("CSH") in Coalinga, California, where the events at issue allegedly occurred.[1]  Plaintiff names as defendants Steven Mayberg (Executive Director of Department of Mental Health) and Ben McLain (Acting Executive Director of CSH).  Plaintiff alleges as follows: Plaintiff's family bought him a laptop computer which he received at CSH on September 2, 2006.  Plaintiff was required to sign an agreement to comply with CSH's Administrative Directive No. 654 ("AD 654") which established guidelines for individual owned laptop computers.  On February 23, 2007, the Department of Police Services ("DPS") at CSH conducted a hospital-wide search and searched plaintiff's living area and his laptop computer.  There was no evidence of misuse found in plaintiff's laptop.  On February 28, 2007, CSH implemented a moratorium on the purchase of individual owned computer equipment and software previously allowed by AD 654.  Under the moratorium, CD-RWs became contraband because of infractions by a few individuals at CSH.  The moratorium memorandum stated that the disposition of existing individual owned equipment would be discussed with the Patient Advisory Council for determination of further policy direction.  Officers of the DPS took most of plaintiff's CD-RWs, even though plaintiff had complied with the rules and the terms of the agreement.  The CSH administration told Patient Representatives that all laptop computers would be taken away by the end of 2007 under a new program in which patients at CSH would be forced to send their personal laptop computers home.  Plaintiff claims that defendants have violated his rights under the First, Fourth, and Fourteenth Amendments.  Plaintiff requests injunctive relief through a court order enjoining the CSH administration from taking his laptop computer, or in the alternative, compensatory damages for loss of his computer, accessories, and legal data.

///

///

---

[1]Civil detainees are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

1  **III.     RULE 12(d)  - CONVERSION OF 12(b)(6) MOTION**

2           Under Rule 12(d), on a motion under Rule 12(b)(6), if matters outside the pleadings are

3  presented to and not excluded by the court the motion must be treated as one for summary

4  judgment under Rule 56.  Fed. R. Civ. P. 12(d).  All parties must be given a reasonable

5  opportunity to present all the material that is pertinent to the motion.  Id.  "[A] represented party

6  who submits matters outside the pleadings to the judge and invites consideration of them has

7  notice that the judge may use them to decide a motion originally noted as a motion to dismiss,

8  requiring its transformation to a motion for summary judgment."  Olson v. Idaho State Bd. Of

9  Medicine, 363 F.3d 916, 922 (9th Cir. 2004).

10          Here, defendants filed a motion to dismiss the complaint under Rules 12(b)(1) and

11 12(b)(6), for lack of subject matter jurisdiction, failure to state a claim, and immunity under the

12 Eleventh Amendment.  Defendants and plaintiff have both submitted exhibits outside of the

13 complaint for the court's consideration in support of their arguments regarding the motion to

14 dismiss.  (D's Request for Judicial Notice ("RJN"), Exh A; P's Opposition to MTD, Exh A-J.)

15 Defendants have submitted a Memorandum dated February 7, 2008 which was issued by the

16 Executive Director of CSH, and plaintiff attached thirty-three pages of exhibits to his opposition

17 to defendants' motion to dismiss, including declarations,  memorandums, receipts, a patient

18 complaint, summonses, and hospital records.  Id.

19          Defendants refer to authority allowing the court to take judicial notice of facts outside the

20 pleadings on a motion to dismiss without converting it to a motion for summary judgment.  (D's

21 RJN at 2:2-6.)  Indeed, on a motion to dismiss pursuant to Rule 12(b)(6), a court may take

22 judicial notice of facts outside the pleadings including records and reports of administrative

23 bodies and matters of public record.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282

24 (9th Cir.1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501

25 U.S. 104, 111 (1991) (emphasis added).  Nevertheless, the court has discretion to rely on all

26 extraneous evidence submitted by the parties in ruling on the motion, in which case the motion to

27 dismiss is converted to a summary judgment motion.  Kearns v. Tempe Technical Institute, Inc.

28 110 F.3d 44, 46 (9th Cir. 1997).  Therefore, in this instance, the court shall treat defendants'

1   motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil

2   Procedure, and all parties hereby notified shall be granted an opportunity to present all material

3   that is pertinent to the motion for the court's consideration.

4        Based on the foregoing, IT IS HEREBY ORDERED that:

5       1.     The parties are notified that defendants' motion to dismiss, filed on March 17,

6            2008, is converted to a motion for summary judgment; and

7       2.     Within thirty days of the date of service of this order, defendants shall file further

8            briefing and evidence for the court's consideration in ruling on the motion for

9            summary judgment;

10      3.     Plaintiff's response is due within thirty days of the date defendants file their

11           briefing.

12   IT IS SO ORDERED.

13   **Dated:    July 11, 2008**              **/s/ Sandra M. Snyder**

14                                    UNITED STATES MAGISTRATE JUDGE